**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SHAMIEH LAW, PLLC** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **MOHR MARKETING, LLC** | § | |
| *Defendant,* | § | |

## DEFENDANT MOHR MARKETING, LLC'S
## INDEX OF MATTERS BEING FILED

Mohr Marketing, LLC files this Index of all documents filed in the state court action:

(1)     Court's Docket Report – Exhibit 1;

(2)     Plaintiff's Original Petition – Exhibit 2;

(3)     Affidavit of Service regarding Defendant Mohr Marketing, LLC – Exhibit 3;

(4)     Mohr Marketing, LLC's Original Answer – Exhibit 4.

EXHIBIT A

Respectfully submitted,

**MAYER** LLP

_Abbey Pampin_

Abbey K. Pampin
Federal ID No. 3919430
State Bar No. 24116874
1300 Post Oak Blvd, Ste. 100B
Houston, Texas 77056
(713) 868-5560
(713) 864-4671 (fax)
E-MAIL: apampin@mayerllp.com

**ATTORNEY FOR DEFENDANT
MOHR MARKETING, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of March, 2026, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

_**Via Eservice**_
Ramez F. Shamieh
SBN: 24066683
Shamieh Law, PLLC
2612 Tomas Ave
Dallas, Texas 75201
kevin@shamiehlaw.com

_Abbey Pampin_

Abbey K. Pampin

---

# Exhibit 1

## Case Information

DC-26-01116 | SHAMIEH LAW, PLLC vs. MOHR MARKETING, LLC

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-26-01116 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 01/20/2026 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
SHAMIEH LAW, PLLC

Active Attorneys ▾
Lead Attorney
SHAMIEH, RAMEZ FAYEZ
Retained

DEFENDANT
MOHR MARKETING, LLC

Active Attorneys ▾
Lead Attorney
PAMPIN, ABBEY KATELYN
Retained

## Events and Hearings

01/20/2026 NEW CASE FILED (OCA) - CIVIL

01/20/2026 ORIGINAL PETITION ▾

ORIGINAL PETITION

01/20/2026 REQUEST FOR SERVICE ▾

REQ FOR SERVICE

01/20/2026 ISSUE CITATION ▾

ISSUE CITATION - MOHR MARKETING, LLC

01/26/2026 CITATION ▾

Served
02/17/2026

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
03/03/2026
Comment
MOHR MARKETING, LLC

03/03/2026 DISMISSAL FOR WANT OF PROSECUTION ▾

dwop hearing notice

Judicial Officer
CRAIG, RACHEL

Hearing Time
9:00 AM

Comment
2/16/26 - emailed counsel - must appear or case will be dismissed - suit filed 1/20/2026. Def. unserved

03/03/2026 RETURN OF SERVICE ▾

EXECUTED CITATION - MOHR MARKETING, LLC

    Comment
    EXECUTED CITATION - MOHR MARKETING, LLC

03/09/2026 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

SHAMIEH LAW, PLLC
|  | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $358.00 |
| Total Payments and Credits | | | | $358.00 |

| | | | | |
|---|---|---|---|---|
| 1/23/2026 | Transaction Assessment | | | $358.00 |
| 1/23/2026 | CREDIT CARD - TEXFILE (DC) | Receipt # 4714-2026-DCLK | SHAMIEH LAW, PLLC | ($221.00) |
| 1/23/2026 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

REQ FOR SERVICE

ISSUE CITATION - MOHR MARKETING, LLC

dwop hearing notice

EXECUTED CITATION - MOHR MARKETING, LLC

ORIGINAL ANSWER

FILED
1/20/2026 9:29 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

1 CIT ESERVE

Exhibit 2

CAUSE NO. DC-26-01116 _____

| | | |
|---|---|---|
| **SHAMIEH LAW, PLLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | 95th _____ **JUDICIAL DISTRICT** |
| | § | |
| **MOHR MARKETING, LLC** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Shamieh Law, PLLC files its Original Petition complaining of Defendant Mohr Marketing, LLC, ("Defendant") and shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 47(b) of the *Texas Rules of Civil Procedure*, Plaintiff affirmatively pleads that they seek monetary relief less than $250,000.00, excluding penalties, costs, expenses, and pre-judgment interest. Pursuant to Rule 190 of the *Texas Rules of Civil Procedure*, Plaintiff requests this case be governed under a Level 1 Discovery Control Plan.

### II.
### PARTIES

1.     Plaintiff Shamieh Law, PLLC ("Shamieh Law") is a Texas Professional Limited Liability Corporation.

2.     Defendant Mohr Marketing, LLC ("Mohr Marketing") is a Limited Liability Corporation incorporated in Pennsylvania doing business in Texas and can be served through its registered

agent: Edward Mohr, 1636 N Cedar Crest Blvd, Allentown, PA 18104. **A citation is being requested at this time.**

### III.
### JURISDICTION AND VENUE

3.      This Court maintains jurisdiction over the Defendant because it conducted business in the state of Texas, which is the basis of this lawsuit. Further, the Defendant entered into a contract for lead generation services with Shamieh Law in Texas and that contract is governed by the laws of Texas.

4.      Venue is proper in Dallas County because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

### IV.
### BACKGROUND FACTS

5.      In October of 2025, Plaintiff paid $90,000.00 to Mohr Marketing, a lead generation company, to provide leads to Plaintiff. Despite this, Mohr Marketing has not sent any leads and has been unresponsive to Plaintiff's repeated attempts to contact Mohr Marketing. When you call any of their numbers, nobody picks up the phone or returns voicemails. As a result, Plaintiff has suffered damages.

### V.
### CAUSES OF ACTION

6.      All allegations above are incorporated to all causes of action by reference.

#### *Common Law Fraud*

7.      Defendant is liable for Common Law Fraud:

      a.   Defendant made representations to Plaintiff;
      b.   The representations were material;

    c.   The representations were false;

    d.   When Defendant made the representations, it knew they were false and/or made the representations recklessly, as a positive assertion, and without knowledge of the truth;

    e.   Plaintiff relied on the representations; and

    f.   The representations caused Plaintiff's damages.

### *Deceptive Trade Practices*

8.    Defendant is liable under the Deceptive Trade Practices act:

    a.   Plaintiff is a consumer;

    b.   Defendant can be sued under the DTPA;

    c.   Defendant committed one or more of the following acts:

        i.   Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are another;

        ii.   Failing to disclose information concerning goods or services, which was known at the time of the transaction with the intention to induce Plaintiff into entering into a contract with Defendant, which Plaintiff would not have done if the information that Defendant would be unable to fulfill its contractual obligations had been disclosed;

        iii.   Breach of express warranty; and

        iv.   Breach of implied warranty.

    d.   Defendant's actions are the producing cause of Plaintiff's damages

### *Breach of Contract*

9.    Defendant breached their contract with Plaintiff:

    a.   There was a valid, enforceable contract;

    b.   Plaintiff is the proper party to bring suit for breach of contract;

    c.   Plaintiff performed its contractual obligations;

    d.   Defendant breached the contract; and

    e.   Defendant's breach caused Plaintiff injury.

## VI.
## <u>DAMAGES</u>

10.    As a result of the injuries sustained by Plaintiff caused by the transaction in which this lawsuit arises from, Plaintiff sues for the following:

      a. Lost profits;
      b. Liquidated damages;
      c. Restitution; and
      d. Attorney fees.

11.     Defendant's actions caused Plaintiff to suffer and sustain damages within the jurisdictional requirements of this Court and in such an amount as evidence may show proper at the time of trial.

12.     Plaintiff further sues for treble damages under the DTPA for knowing and intentional violations.

13.     Plaintiff further seeks punitive or exemplary damages. CIV. PRAC. & REM. CODE §41.003.

## VII.
## PREJUDGMENT AND POST JUDGEMENT INTEREST

14.     Plaintiff seeks pre-judgement and post judgement interest as allowed by law.

## VIII.
## COURT COSTS

15.     Plaintiff sues to recover court costs as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

16.     Plaintiff demands jury trial and has tendered the appropriate fee.

## X.
## INITIAL DISCLOSURES

17.     Defendant is required to provide initial disclosures in accordance with *Texas Rule of Civil Procedure* 194.2.

## XI.
## RULE 193.7 NOTICE

18.     Plaintiff intends to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by *Texas Rule of Civil Procedure* 193.7.

# XII.
# PRAYER

19.    For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff has judgment against Defendant for actual damages, treble damages, punitive damages, attorney fees, prejudgment and post judgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or specific, that Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Ramez F. Shamieh*
Ramez F. Shamieh
Louisiana State Bar No. 35558
Texas State Bar No. 24066683
New York State Bar No. 5280219

**SHAMIEH LAW, PLLC**
2612 Thomas Ave
Dallas, Texas 75204
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kevin Lee on behalf of Ramez Shamieh
Bar No. 24066683
kevin@shamiehlaw.com
Envelope ID: 110300958
Filing Code Description: Original Petition
Filing Description:
Status as of 1/23/2026 9:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Lee | | kevin@shamiehlaw.com | 1/21/2026 1:16:19 PM | NOT SENT |

# THE STATE OF TEXAS

**Exhibit 3**

FILED
3/3/2026 9:58 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ESERVE Lanieshia Reed DEPUTY

## CITATION

**To:** **MOHR MARKETING, LLC**
**BY SERVING REGISTERED AGENT EDWARD MOHR**
**1636 N CEDAR CREST BLVD**
**ALLENTOWN PA 18104**

**No.:** **DC-26-01116**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **SHAMIEH LAW, PLLC**

Filed in said Court **20th day of January, 2026** against

**MOHR MARKETING, LLC**

For Suit, said suit being numbered **DC-26-01116,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 26th day of January, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**HARPER REAM**

**SHAMIEH LAW, PLLC**
vs.
**MOHR MARKETING, LLC**

**ISSUED**
**on this the 26th day of January, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **HARPER REAM**, Deputy

**Attorney for Plaintiff**
**RAMEZ F SHAMIEH**
SHAMIEH LAW PLLC
2612 THOMAS AVE
DALLAS TX 75204
214-389-7333
KEVIN@SHAMIEHLAW.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Copy from re:SearchTX

Case 3:26-cv-00906-B   Document 1-2   Filed 03/19/26   Page 12 of 21   PageID 17

Case 3:26-cv-00906-B Document 1-2 Filed 03/19/26 Page 13 of 21 PageID 18

**OFFICER'S RETURN**

Cause No. DC-26-01116

Court No.: 95th District Court

Style: SHAMIEH LAW, PLLC
 vs.
MOHR MARKETING, LLC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____ AFFIDAVIT _____

_____ ATTACHED _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **95th District Court**

Case Number: DC-26-01116

Plaintiff:
**Shamieh Law, PLLC**

vs.

Defendant:
**Mohr Marketing, LLC**

For:
Ramez Shamieh
2612 Thomas Avenue
Dallas, TX 75204

Received by Erica Morrison on the 16th day of February, 2026 at 12:00 pm to be served on **Mohr Marketing, LLC c/o its Registered Agent Registered Agents Inc., 502 W 7th St, 100, Erie, Erie County, PA 16502.**

I, Erica Morrison, being duly sworn, depose and say that on the **17th day of February, 2026** at 2:06 pm, I:

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** , to: **Amy Parini personally** as **Authorized** at the address of: **502 W 7th St, 100, Erie, Erie County, PA 16502**, who is authorized to accept service for **Mohr Marketing, LLC**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

**Erica Morrison**
Process Server

Subscribed and Sworn to before me on the 17th day of February, 2026 by the affiant who is personally known to me.

NOTARY PUBLIC

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2026001378

Commonwealth of Pennsylvania - Notary Seal
Abby V Casey, Notary Public
Luzerne County
My commission expires January 19, 2027
Commission number 1424376

Copyright © 1992-2026 DreamBuilt Software, LLC · Process Server's Toolbox V9 0s

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 111921845
Filing Code Description: Return Of Service
Filing Description: EXECUTED CITATION - MOHR MARKETING, LLC
Status as of 3/6/2026 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin Lee | | kevin@shamiehlaw.com | 3/3/2026 9:58:51 AM | SENT |

FILED
3/9/2026 12:00 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nia Searl DEPUTY

Exhibit 4

## CAUSE NO. DC-26-01116

| | | |
|---|---|---|
| **SHAMIEH LAW, PLLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **95th JUDICIAL DISTRICT** |
| | § | |
| **MOHR MARKETING, LLC** | § | |
| *Defendant,* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT MOHR MARKETING, LLC'S ORIGINAL ANSWER

COMES NOW, Mohr Marketing, LLC'S, Defendant in this matter ("Defendant"), and files its Original Answer to Plaintiff's Original Petition as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demands strict proof hereof, as required by the laws of this state, of persons or entities who bring suit as the Plaintiff does in the instant case.

### II.
### JURY DEMAND

2. In accordance with Texas Rule of Civil Procedure 216, Defendant Mohr Marketing, LLC demands a trial by jury.

### III.
### AFFIRMATIVE DEFENSES

3. Defendant will show that Plaintiffs' own acts or omissions proximately caused or contributed to Plaintiffs' injury. As a further defense, if such should be necessary, Defendant invokes Sections 33.001, 33.003, and 33.012(a) of the Texas Civil Practice & Remedies Code as

(11809.00054)

affirmative defenses to Plaintiffs' claims. Specifically, Defendant alleges that Plaintiffs were responsible for more than 50 percent of their alleged damages and cannot recover from Defendant.

4.    In the alternative and without waiving the foregoing, Defendant asserts that the damages in question were proximately caused or solely and proximately caused by the negligent and/or wrongful conduct of third parties outside of the control of Defendant.

5.    In the alternative and without waiving the foregoing, Defendant alleges that Plaintiffs failed to mitigate their damages in a manner prescribed by the applicable law.

6.    As a further defense, if such should be necessary, Defendant asserts that the services provided to Plaintiffs by Defendant, in whole or in part, if any, were professional services, as defined in the Texas Deceptive Trade Practices Act, making the Act and claims thereunder inapplicable to Defendant. TEX.BUS. & COM. CODE § 17.49(c). Plaintiffs explicitly pleaded that the provision of services to them involved advice, judgment, or opinion of Defendant and its agents. Defendant's agents are professionals licensed to practice their vocation in the State of Texas.

7.    In the alternative and without waiving the foregoing, Defendant invokes its right to have any potential punitive, treble, and/or exemplary damages limited or excluded, as prescribed by Sections 41.003, 41.004, 41.005, 41.006, 41.008(b), 41.010, 41.011, 41.012, and other applicable provisions of Chapter 41 of the Texas Civil Practices & Remedies Code, as affirmative defenses to Plaintiffs' claims for exemplary, treble, or punitive damages. In the alternative, Defendant pleads that any award of punitive, treble, and/or exemplary damages would be in violation of its Eighth and Fourteenth Amendment rights, as granted by the United States Constitution.

8.    If such is necessary, Defendant requests that the trier of fact determine the amount

of Plaintiffs' alleged economic damages separately from any amount sought for other compensatory damages, including but not limited to all non-pecuniary damages Plaintiffs seek.

9.      Pleading further and without waiving the foregoing, Defendant invokes its legal rights to a reduction of any monetary verdict which may be rendered in this case by credit for payments made to Plaintiffs by other persons and/or entities, or by the percentage reductions to which Defendant would be entitled as a result of the jury findings against Plaintiffs, co-defendants, responsible third parties, or any other persons or entities. Defendant further reserves the right to submit issues against parties who may be present -3- or absent from this case at the time the matter is passed to the jury for fact determinations.

10.     Pleading further and without waiving the foregoing, Defendant asserts that the damages claimed, as pleaded by Plaintiffs, are pure economic loss. In the unlikely event that the jury finds Defendant liable to Plaintiffs on any of the asserted tort theories, the award of economic loss damages on such claims is precluded by operation of law. See L*AN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 244-6 (Tex. 2014).

11.     Pleading further and without waiving the foregoing, to the extent Plaintiffs assert any claims of negligent misrepresentation, Defendant pleads the lack of independent injury as a total defense to claims of negligent misrepresentation.

12.     Plaintiffs asserted claims against defendant under the DTPA. The DTPA requires Plaintiffs to serve a notice of their claims upon Defendant 60 days prior to filing said claims. TEX. BUS & COMM. CODE § 17.505(a). Plaintiffs failed to do so. The exception to the notice requirement does not apply to Plaintiffs' claims. Defendant, therefore, asks that this action be abated until the 60th day following the service of the required notice by Plaintiffs on Defendant. Id. § 17.505(e).

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against the Plaintiff at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Mohr Marketing, LLC prays that the Plaintiff take nothing by reason of this suit against him and that he be discharged with its cost without delay, and for such other and further relief, both general and special, at law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**MAYER** LLP

Abbey K. Pampin
SBN: 24116874
2900 North Loop West, Ste. 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 (fax)
E-MAIL: apampin@mayerllp.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 3th day of March, 2026, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

*Via Eservice*
Ramez F. Shamieh
SBN: 24066683
Shamieh Law, PLLC
2612 Tomas Ave
Dallas, Texas 75201
kevin@shamiehlaw.com

_____
Abbey K. Pampin

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mikayla Garcilazo on behalf of Abbey Pampin
Bar No. 24116874
MGarcilazo@mayerllp.com
Envelope ID: 112168098
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 3/9/2026 12:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nicholas JCoward | | nic@shamiehlaw.com | 3/9/2026 12:00:35 PM | SENT |
| Kevin Lee | | kevin@shamiehlaw.com | 3/9/2026 12:00:35 PM | SENT |
| Ramez Shamieh | | ramez@shamiehlaw.com | 3/9/2026 12:00:35 PM | SENT |
| Abbey Pampin | | apampin@mayerllp.com | 3/9/2026 12:00:35 PM | SENT |
| Ericka Brown | | EBrown@mayerllp.com | 3/9/2026 12:00:35 PM | SENT |
| Kristen Baker | | KBaker@mayerllp.com | 3/9/2026 12:00:35 PM | SENT |
| Mikayla Garcilazo | | mgarcilazo@mayerllp.com | 3/9/2026 12:00:35 PM | SENT |